IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | | |
|---|---|---|
| **MATTHEW P. MORRIS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:10-0717 |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On May 10, 2010, Petitioner, acting *pro se*, filed an Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody and Memorandum in Support.[1] (Document Nos. 1 and 2.) Petitioner alleges that the "State of South Carolina violated petitioner's due process rights under the IAD, by lifting the detainer one (1) year earlier." (Document No. 1, p. 7.) Petitioner complains that "Orangeburg County was made aware as early as July 2008 of Petitioner's whereabout/imprisonment," but failed to file a detainer. (Document No. 2, pp. 3 - 4.) Petitioner explains that FCI Beckley had initiated the halfway house process for the petitioner [and] he received a release date of April 6, 2010, via halfway house, and was provided with a bus schedule." (Id., pp. 4 - 5.) Petitioner states that "[o]n March 30, 2010, approximately a week before Petitioner's release, Orangeburg County, South Carolina lodged a detainer against Petitioner." (Id., p. 5.) Petitioner alleges that "[i]n July, 2008, the BOP sent a detainer action letter" and "[i]n January of 2009, petitioner was advised of the detainer and then advised that said detainer was lifted." (Id.)

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Petitioner, therefore, states that "[f]or at least twenty months South Carolina was clearly aware of petitioner's incarceration and failed to accept custody or attempt to secure the presence of the petitioner for trial." (Id.) Petitioner states "this deliberate failure to lodge a detainer until the last possible moment amounts to nothing less than a dirty trick designated to violate petitioner's due process rights." (Id.) As relief, Petitioner requests that the Court order "the detainer lifted" and "the charges in Orangeburg County dismissed with prejudice, for violating 18 U.S.C. § 3161(j)(1)(A) and (B)."[2] (Id., p. 6.)

As Exhibits, Petitioner attaches the following: (1) A "Detainer Action Letter" dated July 9, 2008 (Id., pp. 9 - 11.); (2) A copy of Petitioner's "Male Custody Classification Form" dated January 13, 2009, March 31, 2009, April 4, 2010 (Id., pp. 12, 16, 21.); (3) A copy of Petitioner's "Inmate Request to Staff" dated January 11, 2009 (Id., p. 13.); (4) A copy of a statement from J. Story, Supervisory Correctional Systems Specialist, dated January 20, 2009 (Id., p. 14.); (5) A copy of a "Progress Report" from BOP dated September 23, 2009 (Id., p. 18.); (6) A copy of Petitioner's "Inmate Request to Staff" dated April 25, 2010 (Id., p. 19.); (7) A copy of Petitioner's "Inmate Request to Staff" dated April 2, 2010 (Id., p. 23.); (8) A copy a "Hold" from the Orangeburg County Sheriff's Office dated March 30, 2010 (Id., pp. 24 - 26, 30.); (9) A copy of a "Detainer Action Letter" dated March 30, 2010 (Id., p. 27.); (10) A copy of Petitioner's "Inmate Request to Staff" dated April 27, 2010 (Id., p. 29.); (11) A copy of Petitioner's halfway house confirmation and bus schedule (Id., pp. 32 - 33.)

## **ANALYSIS**

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot.

---

[2] Petitioner has asserted a similar claim in *Morris v. United States*, Civil Action 5:10-0828.

Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody and the absence of collateral consequences,[3] and therefore, his Section 2241 Application must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942

---

[3] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on June 16, 2010.

(N.D.W.Va.).

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984).

Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: July 31, 2013.

R. Clarke VanDervort
United States Magistrate Judge

5