IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

MATTHEW P. MORRIS,

        Petitioner,

v.                                        CIVIL ACTION NO.   5:10-cv-00717

UNITED STATES OF AMERICA,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Petitioner's *Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus By a Person in State or Federal Custody* ("Section 2241 Petition") (Document 1), wherein he challenges a detainer lodged against him by the state of South Carolina on March 30, 2010.  By *Standing Order* (Document 4) entered on May 10, 2010, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636.   The Magistrate Judge has submitted *Proposed Findings and Recommendation* ("PF&R") (Document 11) in which it is recommended that this Court dismiss Petitioner's claims as moot and remove this matter from the Court's docket.

Upon consideration of the Section 2241 Petition, the memorandum in support thereof, the PF&R, and Petitioner's objections (Document 12), this Court finds that the Magistrate Judge's ultimate disposition should be adopted for the reasons set forth herein.

## I.    BACKGROUND

On August 16, 1999, Petitioner Matthew Paul Morris was sentenced in the Northern District of Georgia to seventy-one (71) months of imprisonment, to be followed by five (5) years of supervised release for drug and various firearm convictions. On the same day, the court revoked his previous term of supervision and sentenced him to a consecutive eighteen (18) month term of imprisonment. Following his release, Petitioner began his term of supervised release on September 9, 2005. In June 2006, the jurisdiction of his supervision was transferred to the Southern District of West Virginia.

Thereafter, on August 31, 2007, Petitioner's assigned probation officer filed a Petition for Warrant or Summons for Offender Under Supervision followed by two Amended Petitions alleging that Petitioner tested positive for a narcotic and absconded from supervision. (*United States v. Morris*, Crim.No.2:06-cr-00167-1 (S.D. W. Va. Jan. 18, 2008)). The probation officer also alleged that Petitioner was arrested on August 12, 2007, in Orangeburg County, South Carolina, for resisting arrest, two counts of aggravated assault and battery, and unlawful possession of a firearm by a convicted felon. It was further alleged that the Court released Petitioner on a $20,000 bond on August 24, 2007. However, Petitioner failed to appear for his October 8, 2007 South Carolina court date, which resulted in the issuance of a bench warrant. In an Amended Petition, it was alleged that on November 17, 2007, Petitioner was arrested by a fugitive task force in Wesley Chapel, Florida, where he was found in close proximity to two firearms.

On January 14, 2008, an assigned Judge of this Court found by a preponderance of the evidence that Petitioner violated his conditions of supervision as alleged in the petitions, revoked his supervision and sentenced him to a term of imprisonment of thirty-six (36) months, with no

2

further supervision to follow. (Memorandum Opinion and Order, *United States v. Morris*, Crim.No.2:06-cr-00167-1 (S.D. W. Va. Jan. 18, 2008) (Document 19) (Faber, J.)).

Upon revocation, Petitioner was housed at the United States Penitentiary - Lee ("USP-Lee") in Jonesville, Virginia. On July 9, 2008, a Supervisory Inmate Systems Specialist composed a Detainer Action Letter addressed to the Orangeburg County Sheriff's Office to request information about whether there were outstanding warrants related to Petitioner's August 12, 2007 arrest. (Petitioner's Ex. A (Document 2) at 9). The Specialist also advised of Petitioner's custody status and tentative release date (June 16, 2010), inquired whether the office "wish[ed] to lodge a detainer" against Petitioner and provided instructions for lodging the detainer at that facility.[1] The record before the Court does not reveal whether this letter was actually forwarded to the addressee or whether any response was received by the Bureau of Prisons ("BOP") at USP-Lee. However, on January 11, 2009, Petitioner forwarded an Inmate Request to Staff in which he asserted that he had a detainer from Orangeburg, South Carolina and that he "want[ed] to get this taken care of as soon as possible." (Petitioner's Ex. B-2 (Document 2) at 13). He also requested assistance "with a speedy trial." (*Id.*) On January 20, 2009, the Specialist advised Petitioner that:

> Orangeburg County Sheriff's Office does have an active warrant for your arrest in reference to a bench warrant issued for failure to appear for an Aggravated Assault – Gun Charge. They have not lodged an official detainer."

(Petitioner's Ex. B-2 (Document 2) at 14).

At some point thereafter and for reasons not in the record, Petitioner's Custody Classification changed (detainer points were removed) and he was transferred to FCI – Beckley in

---

[1] The Specialist composed a similar letter addressed to Dorchester County Sheriff's Office in Summerville, South Carolina. (*Id*. at 10).

Beaver, West Virginia. (Petitioner's Ex. C (Document 2) at 16). On September 23, 2009, while in custody at FCI-Beckley, an inmate Progress Report was completed by a BOP staff member. (Petitioner's Ex. D (Document 2) at 18). This Progress Report included the notation that:

> Inmate Morris has warrants from Orangeburg County, South Carolina for Failure to Appear on the original charges of Aggravated Assault and Battery, Possession of a Firearm by a Convicted Felon, and Resisting Arrest. They will pick up only from North Carolina, South Carolina and Georgia.

(Petitioner's Ex. A (Document 2) at 18).

Petitioner was later advised by the BOP that he would be released to a community correction center on April 6, 2010. (Petitioner's Ex. H (Document 2) at 32-33). However, on March 30, 2010, the Orangeburg County Sheriff's Office forwarded to FCI – Beckley a copy of the South Carolina bench warrant and a "Warrant Hold/Release Sheet" which requested that Petitioner be held and that the office be notified when he could be picked up. (Petitioner's Ex. F-2 (Document 2) at 24-26). In immediate response, an FCI Beckley staff member composed a Detainer Action Letter addressed to the Orangeburg County Sheriff's Office, Sheriff Larry Williams, to confirm that a Detainer had been filed against Petitioner in its favor and identified his tentative release date as June 16, 2010. (Petitioner's Ex. F-5 (Document 2) at 27).[2]

## II.  PETITIONER'S WRITTEN SUBMISSION

On May 10, 2010, Petitioner filed the instant civil action seeking to challenge the March 30, 2010 South Carolina Detainer by asserting that "the State of South Carolina violated [his] due

---

[2] On April 2, 2010, Petitioner sent an Inmate Request to Staff form to "Ms. Trump – Records" at FCI Beckley to request "all correspondence and copies of detainer action letters . . . for legal/due process purposes." (Petitioner's Ex. F-1 (Document 2) at 23). On April 27, 2010, Petitioner again sent an Inmate Request to Staff addressed to the Records Department, wherein he requested "all previously filed detainer action letters sent to and from Orangeburg prior to [March 30, 2010]" and "any and all statements in [his] [National Crime Information Center, "NCIC"] regarding the disposition of [the Orangeburg, South Carolina] charges." (Petitioner's Ex. G-1 (Document 2) at 29).

4

process rights under the [Interstate Agreement on Detainers or] IAD, by lifting the detainer one (1) year earlier."[3] (Section 2241 Petition at 6.) According to Petitioner, Orangeburg County has acted in bad faith to deliberately circumvent his due process. (Memorandum of Law in Support of Petitioner's 28 U.S.C. § 2241 ("Pet.'s Mem.") (Document 2) at 4.)[4] He argues that Orangeburg County was made aware of his imprisonment and whereabouts as early as July 2008 and that the attorney for the government did not seek to obtain his presence in that jurisdiction for trial or cause a detainer to be filed with the BOP, in violation of the Speedy Trial Act, 18 U.S.C. § 3161(j)(1).[5] (*Id.*) Petitioner asserts that a Detainer was lodged against him from Orangeburg County on or around July 9, 2008, he instructed his BOP counselor that he wanted to "dispose of the matter," he

---

3   The Interstate Agreement on Detainers ("IAD") is a congressionally approved compact among forty-eight states, including West Virginia, various territories and the United States, which provides procedures for the transfer of custody from the federal government to a state, or from one state to another, of prisoners with outstanding charges in another jurisdiction and procedures by which the prisoner may demand the speedy disposition of the pending charges. (*See Carchman v. Nash*, 473 U.S. 716, 719 (1985); *see also* 18 U.S.C. App. 2 § 2; W.Va. Code §§ 62-14-1 et seq.) Although undefined in the Agreement, a detainer is "a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent." (*Id*).

4   Petitioner's memorandum is improperly numbered. He has included what he labels as page three before his labeled page two. Consequently, the Court's reference to the memorandum will be to the page numbers established by the Court's electronic filing system.

5   In relevant part, the Speedy Trial Act provides:

> (j)(1) If the attorney for the Government knows that a person charged with an offense is serving a term of imprisonment in any penal institution, he shall promptly--
>
> (A) undertake to obtain the presence of the prisoner for trial; or
>
> (B) cause a detainer to be filed with the person having custody of the prisoner and request him to so advise the prisoner and to advise the prisoner of his right to demand trial.
>
> (2) If the person having custody of such prisoner receives a detainer, he shall promptly advise the prisoner of the charge and of the prisoner's right to demand trial. If at any time thereafter the prisoner informs the person having custody that he does demand trial, such person shall cause notice to that effect to be sent promptly to the attorney for the Government who caused the detainer to be filed.

18 U.S.C. § 3161(j)(1) – (2).

later learned that although he had an outstanding warrant in South Carolina, a detainer had not been lodged, and that he later indicated his intention to resolve the South Carolina charges to BOP staff in September 2009. (*Id*. at 2-3.)  He argues that "[f]or at least twenty months" South Carolina was aware of his incarceration, but it failed to accept his custody or attempt to secure his presence, that he "requested to resolve the matter via proper BOP channels available to him" but was told "that there [wa]s nothing to be handled," and that when FCI Beckley sent out the requisite Detainer Action Letter, South Carolina lodged a detainer stopping his release to a halfway house "[a]t the last minute."  (*Id*. at 5.)  According to Petitioner, the "deliberate failure to lodge a detainer until the last possible moment amounts to nothing less than a 'dirty trick' designed to violate [his] due process while at the same time deceiving the BOP as to the true intent to prosecute [him]." (*Id*. at 5-6.)

Petitioner asserts that exhaustion of administrative remedies is futile because (1) the BOP does not have the authority to remove, suspend or resolve this issue and (2) if immediate relief is not given, his claim will be moot due to his scheduled release.  (*Id*. at 3.)  He also contends that he "failed to challenge the issues because the party States [sic] response was taken in good faith that they would not extradite." (Section 2241 Petition at 7.)  Consequently, Petitioner requests this Court to lift the South Carolina detainer and to dismiss with prejudice the charges in Orangeburg County for violating 18 U.S.C. § 3161(j)(1)(A) and (B) as a matter of law.  (Pet.'s Mem. at 6.).  Petitioner was released from federal custody on June 16, 2010.  (BOP website Inmate Locater).  On June 23, 2010, he advised this Court that he was being held at the Southern Regional Jail in Beaver, West Virginia. (Document 6).  Thereafter, on October 14, 2010, Petitioner notified this Court of his new address at the Okeechobee County Jail in Okeechobee,

6

Florida. (Document 7). It appears from the record that, to date, Petitioner is still in custody in Florida.[6]

### III.   MAGISTRATE'S PF&R AND PETTIONER'S OBJECTIONS

On July 31, 2013, Magistrate Judge VanDervort submitted his PF&R (Document 11), wherein he concluded that Petitioner's Section 2241 Petition must be dismissed as moot, by virtue of his release from custody and the absence of any collateral consequences. (PF&R at 3.) The Magistrate Judge also found that the Respondent in this matter "can no longer provide the requested relief." (*Id.*)

Petitioner timely filed objections to the PF& R, wherein he disputes that his claims are moot because: (1) he is currently in custody and has been since the filing of his Petition; (2) although the South Carolina Detainer has been lifted, the South Carolina charges remain pending against him in violation of his due process right; (3) his "recent attempts" to resolve the charges have been ignored, and (4) he has an actual injury because he failed to receive the community correction center placement prior to the conclusion of his federal sentence and because his South Carolina charges are still unlawfully pending,  (Objection to the Proposed Findings and Recommendations ("Pet.'s Obj.") (Document 12) at 1-3).

In an effort to demonstrate his "recent attempts" to resolve the South Carolina charges, Petitioner attached his May 19, 2013 Letter to the "Clerk of Court & Sheriff's Office." (Pet.'s Obj. Ex. B (Document 12) at 6).   In the letter, Petitioner acknowledges his custody in the state of Florida; advises that while he was in federal custody, South Carolina lodged a detainer against him, "but decided to drop it and let the State of Florida take custody of [him]"; that the warrants are

---

6   Petitioner challenges his confinement in the state of Florida, among other things, in a separate action filed in this Court.   (*See Morris v. United States*, Civil Action No. 5:10-cv-0028 (S.D. W. Va. June 16, 2010)).   This Court will consider his allegations in that matter in a separate memorandum opinion and order.

still pending according to NCIC and that he was "requesting a final disposition to either have these charges dropped or for South Carolina to come get [him] so that [he] can go to Court on them." (*Id*).

## IV.  STANDARD OF REVIEW

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). When reviewing portions of the PF&R *de novo*, the Court will consider the fact that the Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

## V.  DISCUSSION

The Court has considered Petitioner's specific objections to the Magistrate Judge's findings that his claims are moot. Since mootness goes to the heart of the Article III jurisdiction of the courts, this Court must consider whether Petitioner's case presents a live case or controversy. *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002). The Court has considered *de novo* Petitioner's Section 2241 Petition, wherein he argues that the South Carolina detainer impacted his halfway house placement and that South Carolina officials lodged the

8

detainer unlawfully in violation of the Speedy Trial Act and the IAD. Petitioner prays that this Court lift the South Carolina detainer and dismiss with prejudice the corresponding South Carolina charges due to South Carolina's alleged violation of the Speedy Trial Act. (Pet.'s Mem. at 6.) In the first instance, the Court finds that a fair reading of the *pro se* Section 2241 Petition is that Petitioner is challenging both the effect and validity of the March 30, 2010 South Carolina detainer. *See Norris v. Georgia*, 522 F.2d 1006, 1011 (4th Cir. 1975) (recognizing the "fundamental distinction" that exists between an attack on the validity of a detainer on a speedy trial ground and an attack on the effect of the detainer, with the latter dealing with the "adverse impact created by the immediate custodian's imposition of a special 'form of custody' on the prisoner as a result of a the filing of the detainer.") The Court will consider each attack on the detainer separately.

        *A.     Effect of Detainer*

It has been established that "a federal district court in the state or district of confinement may entertain by habeas corpus a prisoner's challenge to the adverse effects on the conditions of his confinement resulting from the filing of a foreign detainer." (*Norris*, 522 F.2d at 1010) (citing *Nelson v. George*, 399 U.S. 224 (1970)). Inasmuch as Magistrate Judge VanDervort has recommended that the instant action be denied as moot due to Petitioner's release from federal custody, the Court finds this disposition is appropriate, to the extent that Petitioner challenges the effect of his detainer.

According to Petitioner, BOP staff informed him of his eligibility for halfway house placement and that the placement was scheduled to begin on April 6, 2010. However, "at the last minute" this placement was stopped due to the South Carolina detainer. At the time Petitioner filed this action in May 2010, he desired this detainer to be lifted so that his release would not be

9

impeded. Notwithstanding his own acknowledgement in his Petition that his claim would be moot upon his release (Pet.'s Mem. at 3), he now contends that his claim presents a live case or controversy because he has an actual injury which includes the denial of his halfway house placement.

The Court finds that Petitioner's claim is moot for two reasons: (1) his Federal sentence has expired and (2) by admission, the relief he sought, in having the detainer lifted, has already occurred. Petitioner's federal sentence expired on June 16, 2010, approximately one month after he filed this action. Insofar as he maintains that he is entitled to relief related to his halfway house placement, the Court finds, as did the Magistrate Judge, that the relief he seeks is simply unavailable. His federal sentence, the basis for his custody which would have included the halfway house placement, has ended. Therefore, the expiration of his federal sentence has rendered moot his claim regarding the effect the South Carolina detainer had on his conditions of confinement at FCI Beckley or his halfway house placement.[7] The Court observes from the record in this case that Petitioner is now outside of federal jurisdiction, as he contends he is in custody in the state of Florida. Petitioner's current custody status related to another criminal charge or conviction is immaterial to the opportunity for halfway house placement on his now expired federal sentence. Therefore, regardless of his location, the Court finds that Petitioner's claim regarding the effect the South Carolina detainer had on halfway house placement and

---

7   To the extent Petitioner asserts in his Section 2241 Petition that the denial of the halfway house placement was an infringement upon a constitutional right to such placement, the Court finds this argument to also be without merit inasmuch as an inmate does not have a constitutional right to pre-release community placement or confinement within less restrictive environments.  *See Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979) (in context of parole no constitutional or inherent right to be conditionally released before the expiration of a valid sentence); *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974) (Constitution does not guarantee good time credit for satisfactory prison behavior); *Meachum v. Fano*, 427 U.S. 215, 225 (1976) (no entitlement to confinement in a less restrictive environment); *Blackwell v. Cross*, Civil Action No. 2:08cv123, 2009 WL 2877245, *5 (N.D. W. Va. Sept. 3, 2009) (finding due process claim without merit because inmate's interest in being placed in a halfway house was not a liberty interest entitled to procedural safeguards under the Fifth Amendment's due process clause.).

custody classification at FCI Beckley is no longer a live case or controversy.[8] Further, just as the Magistrate Judge found, since Petitioner is no longer in federal custody, he is no longer in the custody of the Respondent. Consequently, any direction or order to the Respondent relative to his claim herein would be unavailable.

Moreover, in his objection, Petitioner asserts his custodial status is in the state of Florida and he represents that the South Carolina detainer has been "lifted" so that he could be sent to Florida. Petitioner does not provide any evidentiary support for the same. However, if this Court credits Petitioner's *own* statement, his request that this Court lift the South Carolina detainer has been rendered moot. Therefore, the Court finds that Petitioner's objections in this regard should be **overruled**.

    B.    *Validity of the Detainer*

To the extent Petitioner asserts that South Carolina officials violated the Speedy Trial Act or the IAD by lodging the March 30, 2010 detainer, this Court finds that Petitioner is challenging the validity of the detainer.[9] With respect to this challenge, the Court finds that Petitioner has not raised this claim in the proper forum.

The thrust of Petitioner's case is that he seeks the dismissal of the charges alleged in South Carolina. He has asserted that he attempted to seek resolution of these charges and that South Carolina officials knew of his place of incarceration for over twenty months. Petitioner also asserts that South Carolina has lodged and lifted his detainer, but the charges remain pending.

---

8    Moreover, the Court finds that Petitioner has not presented any collateral consequences relative to his detention for the revocation of his supervision which has been affected by the South Carolina detainer. (*See Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998)). Indeed, the Court did not impose an additional term of supervision to follow this revocation during the January 14, 2008 hearing.

9    (*See supra* n.3,5.)

11

Whatever the validity of these assertions may be, this Court finds that the claim is not properly before this Court. Any contention with respect to the legality of the detainer must be pursued in the demanding state. *Norris*, 522 F.2d at 1013-14 (discussing approvingly the result of the Eighth Circuit Court of Appeals' consideration of this issue in *Wingo v. Ciccone*, 507 F.2d 354, 357 (8th Cir. 1974)).[10] Therefore, "[t]he appropriate forum in which these challenges may be made is in the federal courts in [South Carolina]. Prior to seeking habeas relief in the federal courts in [South Carolina], however, [Petitioner] must first exhaust his state remedies in the [South Carolina] courts."[11] *Wallace v. Crawley*, No. 87-6525, 1987 WL 35965 (4th Cir. Apr. 22, 1987) (unpublished per curiam decision) (citing *Norris*, 522 F.2d 1066) (affirming the dismissal of Section 2241 Petition of North Carolina inmate attacking the validity of a Virginia parole violator detainer and the effect the detainer was having on his North Carolina custody); *see also Jones v. DeBoo*, Civil Action No.1:11CV142, 2012 WL 2396367 at *2 (N.D. W. Va. June 25, 2012), *appeal dismissed*, No. 12-7109 (4th Cir. Sept. 17, 2012) (a federal West Virginia inmate cannot properly assert a challenge to the validity of a Pennsylvania probation detainer in a Section 2241 petition because the proper vehicle is a habeas corpus petition in the district in which the detainer

---

10   In *Wingo*, a federal prisoner in Missouri requested relief from three foreign detainers lodged against him based on speedy trial grounds because of the effects the detainers had on his conditions of confinement. The prisoner also sought injunctive relief to preclude the demanding states from prosecuting him on the criminal charges represented by the detainers.   The Eighth Circuit Court of Appeals stated:

> The issue and the relief granted in the instant proceeding have properly been limited to elimination of the alleged punitive consequences which abide with petitioner in his day-to-day federal imprisonment as a result of the detainers lodged against him which are based on state criminal charges lying dormant pending his release. . . . . [To grant him the 'severe remedy of out-right dismissal on the state charges'] would be an unjustifiable federal interference with [the demanding states'] judicial enforcement of their criminal laws.

(*Wingo*, 507 F.2d at 357.)

11   There is no indication on the record before this Court that Petitioner has exhausted his state court remedies.

originated). Since relief cannot be had on the legality of the South Carolina detainer in this jurisdiction, the Court finds that this claim should be dismissed without prejudice.

Finally, although Petitioner has sought relief from the South Carolina detainer by letter to the Clerk of Court and the Sheriff, this letter is dated May 19, 2013, three years after filing the instant petition. As such, it is immaterial to this civil action since a petitioner is required to exhaust his state remedy prior to seeking federal habeas relief. This Court cannot find that he has done so. Therefore, the Court is not inclined to transfer this matter to any South Carolina court.

Upon consideration of the foregoing, the Court finds that Petitioner's objections are insufficient to bar the dismissal of his claim relative to the validity of the South Carolina detainer. As a matter of law, this Court cannot provide the relief Petitioner seeks.[12] Therefore, the Court finds that his Objections should be **overruled**.

---

12  Moreover, the relief Petitioner seeks of this Court is foreclosed by the Speedy Trial Act and the IAD. *See United States v. Walker*, 255 F.3d 540, 542, (8th Cir. 2001), *cert. denied*, 535 U.S. 1011 (2002)) (dismissal of an indictment is not the appropriate remedy for violations of Section 3161(j)(1), although the Act specifically allows for such a sanction for other violations, for example, the failure to bring a trial within the statutory period, as extended by Section 3161(h) or failure to timely file indictment or information in Section 3162(a)(1)); *see also United States v. Cone*, 310 F.App'x 218, at *3 (10th Cir. Aug. 20, 2008) (court need not consider whether Section 3161(j) was violated by the government because the Speedy Trial Act "simply does not provide for dismissals for violations of its terms.") Additionally, Article Five of the IAD provides, in pertinent part, that

> If the appropriate authority shall refuse or fail to accept temporary custody of said person, or in the event that an action on the indictment, information, or complaint on the basis of which the detainer has been lodged is not brought to trial within the period provided in article II or Article IV hereof, the *appropriate court of the jurisdiction where the indictment, information, or complaint has been pending* shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect.

18 U.S.C. App. 2 § 2 (emphasis supplied). The Court makes no finding that Petitioner has complied with the IAD, that it has been violated or that relief may be extended to Petitioner as a result of any action on his part. Instead, the Court finds that the IAD supports this Court's determination that relief pursuant to the Agreement must be had in a court of jurisdiction in the demanding state.

## VI.     CONCLUSION

Accordingly, for the reasons stated above, the Court **ADOPTS IN PART** the Magistrate Judge's *Proposed Findings and Recommendation*. The Court does hereby **ORDER** that Petitioner's Objections are **OVERRULED**. The Court **ORDERS** that to the extent Petitioner challenges the effect of the South Carolina detainer on his condition of confinement, his claim is **MOOT**. The Court further **ORDERS** that to the extent Petitioner challenges the validity of the detainer, his claim is improper in this Court and must be **DISMISSED**.

Consequently, the Court **ORDERS** that Petitioner's *Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus By a Person in State or Federal Custody* (Document 1) be **DISMISSED WITHOUT PREJUDICE** and that this matter be **REMOVED** from the docket of the Court.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge VanDervort, to counsel of record, and to any unrepresented party.

ENTER:     September 16, 2013

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA